AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| LISANDRO A. CADENAS | ) | Case No.   21-MJ-6314-AOV |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 12, 2021 _____ in the county of _____ Broward _____ in the _____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 31, United States Code, Section 5316(a)(1)(A) | Failure to Report Transport of Monetary Instruments in Excess of $10,000.00 |
| Title 31, United States Code, Section 5332(a) | Bulk Cash Smuggling |
| Title 18, United States Code, 1001 (a)(2) | False Statement |

This criminal complaint is based on these facts:

*See Attached Affidavit.*

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Mariana Gaviria, Special Agent, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime on this 13TH day of May, 2021 at Fort Lauderdale, Florida.

Date: _____ 05/13/2021 _____

_____
*Judge's signature*

City and state: _____ Fort Lauderdale, Florida _____

ALICIA O. VALLE, U.S. MAGISTRATE JUDGE
*Printed name and title*

**AFFIDAVIT**

I, Mariana Gaviria, being duly sworn, do hereby depose and state:

1.      I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since August of 2019.  I am currently assigned to the HSI Assistant Special Agent in Charge, Fort Lauderdale Airport Group, in the Southern District of Florida.  I have completed the Criminal Investigator Training Program and the HSI Special Agent Training.  As a Special Agent, I have received training and have been assigned to conduct investigations of criminal violations of the immigration and customs laws of the United States and of other federal criminal violations of law with a nexus to the United States border, particularly violations being committed by transnational criminal organizations.

2.      The facts contained in this Affidavit are based on my personal knowledge and information provided to me by other law enforcement officers.  This Affidavit is being submitted for the limited purpose of establishing probable cause in support of the criminal complaint charging Lisandro A. CADENAS ("CADENAS"), did:  knowingly and willfully fail to file an accurate report as prescribed by the Secretary of the Treasury to be filed, that is, a United States Customs and Border Protection ("CBP") Currency Reporting Form CP-503, when he transported, and was about to transport, monetary instruments of more than ten thousand dollars ($10,000.00) in United States currency ("USC") at one time, to a place outside the United States from a place in the United States, in violation of Title 31, United States Code, Section 5316(a)(1)(A); knowingly conceal more than ten thousand dollars ($10,000.00) in United States currency ("USC"), on his person, and in a conveyance, article of luggage, and other container, and attempting to transport such currency from a place in the United States to a place outside the United States, in violation of Title 31, United States Code, Section 5332(a); and, in a matter within the jurisdiction of HSI and CBP, agencies of the executive branch of the United States Government, knowingly and willfully make a false, fictitious, and fraudulent statement and representation to a CBP Officer that he was transporting

three thousand dollars in United States currency ($3,000.00), when in truth, and in fact, he was transporting well in excess of three thousand dollars in United States currency ($3,000.00), in violation of Title 18, United States Code, Section 1001(a)(2). Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not include all the details of the investigation of which I am aware.

3.      On or about May 12, 2021, CBP Officers at the Fort Lauderdale-Hollywood International Airport encountered CADENAS, a Cuban national and legal permanent resident of the United States, during an outbound customs inspection conducted just prior to CADENAS' scheduled departure from the United States to Panama onboard Copa Airlines flight number 266. CADENAS was also scheduled to catch a subsequent flight from Panama to Cuba aboard Copa Airlines flight number 371. During the inspection, CBP officers obtained a negative verbal declaration from CADENAS for the possession of weapons, ammunition, and currency over ten thousand dollars ($10,000.00).

4.      When a CBP Officer asked CADENAS to declare the total currency/monetary instruments in his possession, CADENAS verbally declared $3,000 USC. CADENAS stated he would prefer to speak in Spanish. A CBP officer asked CADENAS in his native language of Spanish whether he was transporting greater than $10,000 in total currency/monetary instruments. CADENAS verbally declined multiple times and again declared a total of $3,000 USC.

5.      CADENAS was also presented with a CBP Currency Reporting Form CP-503 in the Spanish language. This Currency Reporting Form contains a written notification explaining that individuals traveling to or from the United States are not subject to any limitations as to the transportation of monetary instruments into or outside of the United States but must declare to customs any such monetary instruments in excess of $10,000 USC or its foreign equivalent. Upon being allowed to read the form as well as having the form verbally read to him by a CBP Officer, CADENAS again

denied transporting more than $10,000 and declared in writing that he was transporting only $3,000 USC. CADENAS circled "Yes" in the section of the form indicating that he understood the notification of the currency reporting requirements and signed the CBP Currency Reporting Form CP-503.

6.     During a subsequent search of CADENAS' belongings, CBP discovered multiple bundles of United States currency more than $10,000 in separate locations. Approximately $1,711.00 USC was in the front pocket of CADENAS' jeans. Approximately $5,000.00 USC was found wrapped in a handkerchief inside the pocket of a men's purse. Additionally, approximately $7,900.00 USC was located inside of a black wallet. CADENAS was escorted to the CBP baggage secondary area for further inspection.

7.     CADENAS was once again asked to declare how much currency he was transporting. CADENAS stated he was carrying $19,000.00 USC. CBP Officers subsequently asked CADENAS if he had any other currency on his person or luggage. CADENAS admitted there was more currency and stated he was carrying "twenty something" thousand in USC. CBP found approximately $5,000.00 USC inside the zippered compartment of a second wallet. Inside CADENAS' checked bag, a "Black Beverly Hills Polo" backpack contained approximately $10,000 USC wrapped in baby clothes. Ultimately, CBP discovered a total of approximately $29,611 USC in CADENAS' possession. When a CBP Officer asked why he was transporting so much currency, CADENAS stated he was planning to buy a car in Cuba which was worth $60,000.

8.     Law enforcement subsequently read CADENAS his *Miranda* rights in the Spanish language, which he voluntarily waived both verbally and in writing. CADENAS said he travels to Cuba multiple times a year because his family resides there. CADENAS stated that he works painting vehicles in the United States and had saved his earnings to buy a car in Cuba for approximately $22,000.00

3

USC.  CADENAS later admitted that a portion of the currency in his possession was derived from a business arrangement in which he and his wife facilitate the transfer of currency from the United States to Cuba on behalf of their customers.

9.     CADENAS said he had heard from "people" that outbound currency more than $10,000.00 would be confiscated from him by customs.  CADENAS also stated he was aware of the requirement to report currency more than $10,000.00 when entering the United States from abroad but denied knowing he was also required to declare outbound currency more than $10,000.00.

10.     When asked why he had only declared $3,000.00 even after CBP explained the reporting requirements, both verbally and by written form, CADENAS stated he had done so because he was nervous.  When asked why he had not asked the CBP Officer any questions if he was unclear about the form, he stated that he simply did not.  When asked why he had split and concealed the currency in such a specific manner in various locations, CADENAS stated he had done so to prevent Cuban officials from taking the money from him upon arrival. Law enforcement later asked CADENAS if he had not reported the excess currency because he was afraid that it would be confiscated from him by customs.  CADENAS responded in the affirmative.

11.     Based on the information provided above, I respectfully submit that there is probable cause to believe that on or around May 12, 2021, in Broward County, in the Southern District of Florida, CADENAS did:  knowingly and willfully fail to file an accurate report as prescribed by the Secretary of the Treasury to be filed, that is, a United States Customs and Border Protection ("CBP") Currency Reporting Form CP-503, when he transported, and was about to transport, monetary instruments of more than ten thousand dollars ($10,000.00) in United States currency ("USC") at one time, to a place outside the United States from a place in the United States, in violation of Title 31, United States Code, Section 5316(a)(1)(A); knowingly conceal more than ten thousand dollars

($10,000.00) in United States currency ("USC"), on his person, and in a conveyance, article of luggage, and other container, and attempting to transport such currency from a place in the United States to a place outside the United States, in violation of Title 31, United States Code, Section 5332(a); and, in a matter within the jurisdiction of HSI and Customs and Border Protection ("CBP"), agencies of the executive branch of the United States Government, knowingly and willfully make a false, fictitious, and fraudulent statement and representation to a United States Customs and Border Protection Officer that he was transporting three thousand dollars in United States currency ($3,000.00), when in truth, and in fact, he was transporting well in excess of three thousand dollars in United States currency ($3,000.00), in violation of Title 18, United States Code, Section 1001(a)(2).

FURTHER AFFIANT SAYETH NAUGHT

_____
MARIANA GAVIRIA
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime on this 13TH day of May, 2021 at Fort Lauderdale, Florida.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE